Stanley R. RAYMOND, individually, and for the use and benefit of his minor daughter, Jane Ann Raymond, Appellant,

v.

INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellee.

No. 18508.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1961.

Herschel N. Knight, Jennings, La., Breard Snellings, New Orleans, La., for appellant.

Donald Labbe, Voorhies, Labbe, Voorhies, Fontenot & Leonard, Lafayette, La., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CHRISTENBERRY, District Judge.

WISDOM, Circuit Judge.

The sole question this appeal presents is whether the omnibus clause of a public liability insurance policy covers the operator of an automobile involved in an accident when he was given permission to use the automobile by the named insured's son. Louisiana law controls the decision.

In 1956 Mr. and Mrs. Gilbert Reaux of Lafayette, Louisiana, owned an automobile covered by a $10,000 insurance policy issued by the Indiana Lumbermens Mutual Insurance Company. Their son Gerald attended Southwestern Louisiana Institute (Louisiana State University at Lafayette).

One evening in October 1956 Gerald and a fraternity brother, Donald Guichard, double-dated, taking Jane Raymond and another girl to a dance. Jane, Guichard's date, had to return to her dormitory at Southwestern before midnight; Gerald's date was able to stay later. Near midnight Guichard borrowed the car from Gerald in order to drive Jane to her dormitory in time to meet her midnight deadline. The appellant makes much of this as evidence that Guichard's use of the car was to the benefit of the original "permittee", Gerald, who could then stay longer at the dance. On the way to the dormitory, with Guichard at the wheel, the Reaux's car struck another car. Jane was seriously injured. On behalf of his daughter, Jane's father sued the insurer under the Louisiana direct action statute. LSA–R.S. 22:655.

The insurance policy provided, in pertinent part: "Persons Insured: The following are insured under Part I: (a) With respect to the owned automobile, (1) the named insured and any resident of the same household, (2) any other person using such automobile, *provided the actual use thereof is with the permission of the named insured.*" (emphasis added). The case was tried on a single issue submitted to the jury in the following language: "Was the actual use of the Reaux automobile by Donald J. Guichard at the time and place of the accident with the permission of either Mr. and Mrs. Reaux?" The jury answered, "No". The plaintiff-appellant, contending that the appeal raises only a question of law, asserts that the trial court erred in failing

to grant certain requested charges, erred in charging the jury, erred in failing to direct a verdict for the plaintiff, and erred in failing to grant a judgment N.O.V. We affirm.

The appellant contends that the doctrine of "initial permission," without limitations, is the law of Louisiana. The argument is that since Gerald Reaux had the initial permission to use the car, Gerald's express permission and the parents' implied permission that Guichard could use the car brought Guichard within the coverage of the clause. We find that the Louisiana decisions the appellant relies on do not support the contention.

Certain Louisiana cases have held that the omnibus clause of an insurance policy extended coverage to a person whom a permittee had allowed to drive the car, although there was no communication or other conduct to indicate a direct permission from the named insured to the driver. Garland v. Audubon Insurance Company, La.App.1960, 119 So.2d 530; Brooks v. Delta Fire & Casualty Co., La.App.1955, 82 So.2d 55; Boudreaux v. Cagle Motors, La.App.1954, 70 So.2d 741.[1] These cases do not, however, stand for the proposition that whenever the named insured permits another person to use the automobile that user may bring a third person under the coverage of the policy by allowing him to drive. The Supreme Court of Louisiana has made this clear in a recent decision, Rogillio v. Cazedessus, 1961, 241 La. 186, 127 So.2d 734. See also the opinion in the Garland case, supra, distinguishing several other cases

denying insurance coverage to a secondary user. As we read the Louisiana decisions, the question depends upon whether the nature and scope of the owner's permission to the first user were such that in the circumstances of the case he was within that permission in allowing a third person to drive the car.

In Rogillio, the court pointed out that according to the terms of the policy, the son, as a member of the named insured's household, was not a "permittee" but an "insured". "This," the court said, "does not profit the [plaintiff] because under the express wording of the policies, *only* the named insured or his spouse occupying the same household may constitute one a permittee and thus afford him coverage." 127 So.2d at page 737. This statement, taken by itself, might seem dispositive of this case. There is however a significant factual difference between the two cases. In Rogillio the named insured expressly prohibited his son from lending the automobile to anyone else. Here there is evidence that Gerald and his parents had an understanding that Gerald would not allow anyone else to use the automobile, but the evidence is far from conclusive; it was a matter for the jury to decide. Rogillio did not overrule the earlier cases in which an indirect permission was found; Rogillio reconciled those decisions on the facts. The language in which the Rogillio decision is couched, however, indicates that the Louisiana Supreme Court takes a restrictive view of the applicability of the holdings in those cases.[2]

---

1. The other decisions cited by appellant do not focus on the question here in dispute. Some of the cases involve situations where a person who admittedly had been authorized by the named insured to use the car for certain purposes had driven the car for purposes outside the authorized use. Dominguez v. American Casualty Co., 1950, 217 La. 487, 46 So.2d 744; Perrodin v. Thibodeaux, La.App.1939, 191 So. 148. In another case there was no second permittee and the question was whether permission could be implied from the named insured directly to the driver. Talbot v. All-state Insurance Co., La.App.1954, 76 So.2d 76.

There are numerous cases in point and the general statements found in these distinguishable cases do not bear significantly on the case at bar.

2. "Needless to say, neither Mr. nor Mrs. Oliver granted Michael Cazedessus permission of any kind. He was therefore not afforded coverage under the clause 'any other person using such automobile.' The result sought by [the appellees] would do violence to the provisions of the policy, which are clear and unambiguous. The contract is the law between the parties, and we are not authorized under the guise of construction to change it." Ro-

Viewing the evidence in this case in the light of the Louisiana authorities, we find no basis for plaintiff's assertion that as a matter of law Guichard was driving with the permission of the named insured. Gerald Reaux had borrowed the family car for use during a single evening. He did not have general control over the car for a period of several days or longer as the first permittee did in the Garland case. Gerald and Guichard were to use the car late at night after a dance on a college football weekend; on such an occasion it cannot be taken for granted that Gilbert Reaux would have been willing for his son to let another boy drive off in the Reaux car without Gerald.[3] The jury might fairly infer that in the circumstances a substantially greater responsibility was imposed on Gerald than on the car owner's daughter in the Brooks case when she asked a guest passenger to drive for her for a few minutes while she attended to her baby but remained in the car with the driver.

We agree with the trial judge that the question of permission was for the jury. He submitted this question for a jury determination under instructions which were accurate and complete and as favorable to the plaintiff's cause as the plaintiff could rightfully expect. The trial judge made it plain that if the jury found either express or implied permission by the named insured the verdict should go for the plaintiff. The charge states, in part:

"If, from all of the facts and all of the circumstances of this case, there was permission, either express or implied from Mr. and Mrs. Reaux to permit Donald Guichard to drive, then there is coverage. You may consider the use of the automobile by the second permittee and whether or not that use would serve any purpose, benefit or advantage of the first permittee. You may consider all the actions by all the parties.

" * * * Permission given by an owner of a car to another person to use his car does not necessarily confer on that other person the right to let a third person use the car, but it may or it may not, that is a question of fact that you are going to have to determine in this case. * *

"The course of conduct or acquiescence from which the permission may be implied refers to the conduct or acquiescence of the owner and not the conduct of the first borrower without the knowledge of the owner. Implied permission can be based upon a course of conduct of the owner, a mutual acquiescence in or lack of objection to a continued use of the car which would signify consent of the owner for a third person to use the car. Webster's International Dictionary defines 'implied' as meaning 'inferential or tacitly conceded.' It involves an inference arising from a course of conduct or a relationship between the parties in which there is mutual acquiescence or lack of objection under circumstances signifying assent.

---

gillio v. Cazedessus, 1961, 127 So.2d 734, 737.

3. Gilbert Reaux's testimony raises doubts as to whether he would have understood that it was within the permission granted his son for the son to allow a friend to take the car. When asked whether he would have given permission if Gerald had telephoned him the evening of the accident to ask him, he stated, "I guess I would have done this, if he would have called me during that night and asked me that same question. I would have asked him if Donald was a reliable fellow or if he was in good condition to drive, then if he had told me yes on those two questions, I would have told him it was all right for him to take his date to the dormitory." He stated that after the accident, however, he had told Gerald; "In the future, try to do your own driving and if you are with somebody and somebody wants to go somewhere, take them yourself. Don't let them use the car anymore unless you get my permission." He also said during cross-examination, "I never did give him permission, direct permission, to let anybody else drive the car but himself," and that he did not have knowledge that Gerald had let other people drive the car.

"An implied permission is not, therefore, confined alone to affirmative actions."

This charge left the jury free to conclude that the permission from Mr. Reaux to his son allowed Gerald to lend the car to his friend, Guichard, if the jury believed that the facts warranted such a conclusion. The jury found no such permission. Ample evidence supports the verdict.

The judgment is

Affirmed.